FILED

SEP 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30367 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00015-SEH-1 |
| v. | |
| DENISE MARSH CARLSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 3, 2010
Seattle, Washington

Before: CANBY, THOMPSON and BERZON, Circuit Judges.

Denise Marsh Carlson ("Carlson") pled guilty to receipt of child

pornography, 18 U.S.C. § 2252A(a)(2), and was sentenced to 98 months

incarceration, followed by a lifetime of supervised release. She appeals the length

of her imprisonment term as well as the length and special conditions of her

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and order a limited remand for resentencing.

*Imprisonment Term*

Carlson, a traveling nurse and mother of three daughters, admitted downloading and storing hundreds of child pornography videos and images from the Internet since 1999.  The district court sentenced Carlson to 98-months incarceration—one month more than the lowest sentence in the United States Sentencing Guidelines range.  Carlson contends that her imprisonment term is unreasonable.  We review the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010).

Our recent opinion in *Blinkinsop* makes clear that Carlson's 98-month sentence is substantively reasonable.  606 F.3d at 1114-18 (upholding a 97-month sentence as reasonable for receipt of child pornography).  Like Blinkinsop, Carlson downloaded a significant amount of child pornography from the Internet, had no prior record of sex-crime convictions, and received a sentence on the low end of the Guidelines.  *Id.*  Moreover, where, as here, "the district judge has considered the [18 U.S.C §] 3553(a) factors and the totality of the circumstances supports the sentence, we have held that the sentence is substantively reasonable."  *Id.* (internal quotation marks and citation omitted).  We affirm Carlson's imprisonment term.

*Supervised Release Term*

Carlson contends that her lifetime term of supervised release is unreasonable in light of her background, lack of criminal history, and low risk for recidivism. We review the substantive reasonableness of Carlson's supervised release term for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

We begin by noting that this case is factually similar to *Blinkinsop,* and that the same judge presided over the sentencing in both cases. In *Blinkinsop*, however, the district judge imposed only a 5-year term of supervised relief. In this case, the district judge imposed a lifetime term of supervised release, but did not specifically address why lifetime supervision was merited. We therefore vacate the lifetime term of supervised release for the district court to reconsider on limited remand in light of *Blinkinsop* and the facts of this case.

Like Blinkinsop, Carlson had no previous record of child abuse. She voluntarily underwent a psychosexual evaluation and passed a polygraph test regarding hands-on sexual abuse of children. The record shows strong community support for Carlson, as numerous individuals wrote letters on her behalf and traveled more than 400 miles to support her at the sentencing hearing.

Although Carlson downloaded more child pornography videos over a longer period of time than did Blinkinsop, the record provides mitigating circumstances

for Carlson's behavior, including the fact that she was sexually abused as a child and suffered from anxiety, depression, and obsessive compulsive disorder. The psychiatric evaluation in the record explained that Carlson's obsessive compulsive disorder was similar to a hoarding disorder and contributed to the high volume of child pornography images she accumulated. And both the psychiatric evaluation and the psychosexual evaluation concluded that Carlson posed a low risk of recidivism. The district judge should consider these, and other factors, in reevaluating the term of Carlson's supervised release.

*Special Conditions of Supervised Release*

Carlson contends that Special Conditions 3, 4, 5, 7 and 8 of her supervised release are unreasonable and overbroad. Because Carlson did not object at sentencing, our review is limited to plain error. *Blinkinsop*, 606 F.3d at 1118. We reject Carlson's challenge with respect to all the Special Conditions, except Special Condition 4.

Special Conditions 3 and 5 restrict Carlson's access to minors and adults with minor children. At oral argument, Carlson contended that these conditions are unreasonable because they create an inflexible restriction. Carlson is incorrect. Both conditions permit access when approved by the probation office, and are reasonable under the circumstances of this case.

4

Special Condition 7, which restricts Carlson from possessing devices capable of covert photography, is reasonable notwithstanding Carlson's contention that many cell phones have built-in cameras. Special Condition 7 simply does "not impose an significant deprivation on [Carlson's] liberty." *Blinkinsop*, 606 F.3d at 1123. Like Blinkinsop, Carlson "may have a cell phone, as long as it does not have a camera module, and [she] may have a camera, as long as it is readily identifiable as a camera." *Id.*

Special Condition 8, which restricts Carlson's access to the Internet unless permitted by the probation office, is also valid and reasonable. *See United States v. Riley*, 576 F.3d 1046, 1049, n.3 (9th Cir. 2009); *cf. Blinkinsop*, 606 F.3d at 1123 (rejecting absolute restriction on Internet access with no option to seek permission from the probation office).

Special Condition 4 provides that Carlson "shall not go to or loiter near school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18." Carlson contends that because she has several young nieces and nephews, and her three adult children will likely have children of their own, Special Condition 4's blanket prohibition means that she will not be able to attend their school functions or sporting events at parks. In *Blinkinsop*, we vacated this condition with respect to a five-year supervised release term, noting

5

that the district court should consider tailoring the restriction to allow access based on permission from the probation office. 606 F.3d at 1119-22. We therefore vacate Special Condition 4 for the district judge to reconsider on limited remand in light of *Blinkinsop*.

To conclude, we AFFIRM in part Carlson's sentence as to her term of imprisonment and Special Conditions 3, 5, 7 and 8. We VACATE Carlson's sentence as to the term of her supervised release and Special Condition 4, and order a LIMITED REMAND for reconsideration consistent with this disposition.