NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10436 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00366-APG-PAL-1 |
| v. | |
| RICKY DAMIAN JOHNSTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted September 14, 2020[**]
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and MÁRQUEZ,[***] District Judge.

Ricky Johnston appeals the district court's amended judgment imposing special condition 9, which restricts him from going to or remaining at "any place

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

primarily used by children" as a condition of his supervised release. We generally review conditions of supervised release for abuse of discretion, but we review de novo whether any such condition violates the Constitution. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). We affirm.

After pleading guilty to one count of receipt of child pornography, Johnston was sentenced to 144 months' imprisonment and supervised release for life. After a remand from this court, the district court modified the language on special condition 9 and imposed the following:

> You must not go to, or remain at, any place primarily used by children under the age of 18, unless you have the express prior permission of your probation officer. Examples of such prohibited places include parks, schools, playgrounds, and childcare facilities.

Johnston challenges the constitutionality of special condition 9.

1. A condition of supervised release is void for vagueness when the *standard* for determining whether conduct is illegal is itself "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018). It is not enough to show that it is difficult to determine whether the condition is violated; there must be some level of "indeterminacy" or "subjectiv[ity]" in what is even prohibited. *United States v. Williams*, 553 U.S. 285, 306 (2008).

Here, the special condition is "sufficiently clear" to provide Johnston notice of what types of places he is forbidden to visit. *Cf. United States v. Guagliardo*, 278

F.3d 868, 872 (9th Cir. 2002) (per curiam) (finding condition that defendant not reside in "close proximity" to places frequented by children vague because "close proximity" was undefined). The phrase "primarily used by" children might be "marked by flexibility and reasonable breadth, rather than meticulous specificity," yet it is still "clear what the [condition] as a whole prohibits." *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972) (citation omitted). Indeed, this court has repeatedly upheld substantively similar conditions against vagueness and overbreadth challenges. *See, e.g.*, *United States v. Blinkinsop*, 606 F.3d 1110, 1119– 20 (9th Cir. 2010). The condition's examples of prohibited places, including "parks, schools, playgrounds, and childcare facilities," provide further clarifying parameters to its meaning. *Cf. Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 162 (2012) (explaining how "examples enumerated in [statutory] text" can "illustrat[e]" the meaning of an otherwise broad statutory term).

2. A condition is overbroad if it "restrict[s] more of the defendant's liberty than necessary." *United States v. Wolf Child*, 699 F.3d 1082, 1090–91 (9th Cir. 2012). The district court did not err in determining the condition was necessary to protect the public and deter Johnston from committing crimes in the future and that it involved "no greater deprivation of liberty than is reasonably necessary." *See* 18 U.S.C. § 3583(d)(2). The record shows Johnston's sexual interest in children and his history of acting on that interest. Given this history, we agree that the special

condition is reasonably related to the goals of deterrence, rehabilitation, and protection of the public. *See United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008) (upholding even more restrictive release condition against an overbreadth challenge where "sheer volume" of child pornography collection suggested "a sexual interest in children").

3. Special condition 9 also does not unduly burden Johnston's fundamental right to familial association. We will not strike down a condition based on speculation. Johnston has not identified any underage family members with whom he would be prevented from associating under the special condition. Accordingly, Johnston's case is distinguishable from the three cases upon which he relies. *See Blinkinsop*, 606 F.3d at 1121 (two children); *Wolf Child*, 699 F.3d at 1089 n.1 (three children); *United States v. Carlson*, 395 F. App'x 413, 416 (9th Cir. 2010) (unpublished) (several young nieces and nephews). And even if he did (or will) have family members under the age of 18, Johnston can seek permission from his probation officer to attend an event involving underage family members. *See Blinkinsop*, 606 F.3d at 1121. Therefore, special condition 9 does not violate Johnston's fundamental right to familial association.

**AFFIRMED**.