**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MARIO RALPH RILEY,
            *Defendant-Appellant.*

No. 08-50009

D.C. No.
CR-05-00166-JVS-1

OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
March 12, 2009—Chapman University, Orange, California

Filed August 13, 2009

Before: Michael Daly Hawkins, Marsha S. Berzon and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Berzon

11051

**COUNSEL**

Kurt Mayer, Deputy Federal Public Defender (argued), Sean K. Kennedy, Federal Public Defender, and Kathryn A. Young, Deputy Federal Public Defender (on the briefs), Los Angeles, California, for the defendant-appellant.

Anne C. Gannon, Assistant United States Attorney (argued and on the briefs), Thomas P. O'Brien, United States Attorney, and Robb C. Adkins, Assistant United States Attorney (on the briefs), Santa Ana, California, for the plaintiff-appellee.

**OPINION**

BERZON, Circuit Judge:

After a jury trial, defendant-appellant Mario Riley was convicted of one count of possession of child pornography and sentenced to a 46-month prison term with three years' supervised release, subject to special conditions. Riley appeals his conviction, contending that the district court erred in denying his motions to exclude and suppress evidence. He also challenges his sentence as unreasonable and contests several of the conditions of his supervised release. In a memorandum disposition filed concurrently with this opinion, we uphold

Riley's conviction and his prison term. We also uphold most of the conditions of supervised release, save one that, as the government concedes, requires a limited remand. Here, we vacate the sole remaining release condition.

## I.

We set out the facts of this case as relevant to the one release condition at issue here. Undercover police officers, posing as providers of adult material, sent Riley an unsolicited email advertising a website offering to connect customers with providers of "extreme and intense material." In December 2000, Riley visited the website and sent a message indicating that he was interested in securing child pornography. Riley and a Dallas police officer using a pseudonym carried on an email dialogue for two months, during which time Riley ordered three videos and a CD-ROM containing images of child pornography and paid $200 to the undercover officer.

In February 2001, U.S. postal inspectors made a controlled delivery of the order at Riley's residence in Costa Mesa, California. The package consisted of two videotapes and a CD-ROM containing over one hundred images of child pornography. Fifteen minutes after the delivery, the inspectors returned to the residence to execute a search warrant. When they entered the residence, the postal inspectors found the open delivery box on Riley's bed, and observed one of the videotapes on Riley's bookshelf; they discovered the second one in Riley's VCR. The CD sent with the delivery was sitting in the tray of the CD-ROM drive on Riley's computer. Agents later retrieved 148 additional images of child pornography from Riley's hard drive.

Over four years later, Riley was indicted on charges of knowingly possessing a CD-ROM that contained more than one image of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court denied Riley's motions to exclude certain evidence, including the uncharged images

of child pornography found on Riley's computer, and to suppress statements made during the inspectors' search of his residence. The jury returned a guilty verdict after a two-day trial. After receiving a presentence report, the district court imposed a 46-month prison sentence and a three-year term of supervised release, accompanied by special conditions recommended by the probation officer. These included, among others, several restrictions on computer use, including a blanket prohibition on the use of a computer to access "any material that relates to minors."

Riley timely appeals his conviction, his prison sentence, and the conditions imposed on supervised release. For the reasons stated in the accompanying memorandum disposition, we affirm the district court's evidentiary rulings and Riley's conviction and hold that the prison sentence was reasonable. In the memorandum disposition, we also affirm most of the conditions of supervised release. For the reasons that follow, however, we vacate the condition that prohibits Riley from using a computer to access "any material that relates to minors."

## II.

**[1]** Pursuant to 18 U.S.C. § 3583(d), a district court has discretion to impose special conditions of supervised release, so long as the conditions: are reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender; involve no greater deprivation of liberty than necessary to achieve those goals; and are consistent with any pertinent policy statements issued by the Sentencing Commission.[1]

---

[1]18 U.S.C. 3583(d) provides, in relevant part:

The court may order, as a further condition of supervised release, to the extent that such condition—

(1) is reasonably related to the factors set forth in section 3553(a)(1) [the nature and circumstances of the offense and the

*See United States v. Weber*, 451 F.3d 552, 557-58 (9th Cir. 2006) (citing 18 U.S.C. §§ 3553(a)(2), 3583(d)). "[A] supervised release condition need not relate to the offense of conviction, as long as it satisfies one of the above goals." *Id.* at 558. The government "shoulders the burden of proving that a particular condition of supervised release involves no greater deprivation of liberty than is reasonably necessary to serve the goals of supervised release." *Id.* at 559. We review the district court's imposition of special conditions of supervised release for abuse of discretion. *See United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008).

As a condition of Riley's supervised release, the district court imposed a number of restrictions on his use of computers, many of which require Riley to obtain prior approval from his probation officer. The condition at issue here went further. It provided that Riley "shall not access via computer any material that relates to minors. [Riley] shall not have another individual access the internet on his behalf to obtain files or information which he has been restricted from accessing, or accept restricted files or information from another person."

---

history and characteristics of the defendant], (a)(2)(B) [adequate deterrence to criminal conduct], (a)(2) ) [protection of the public from further crimes of the defendant], and (a)(2)(D) [provide the defendant with needed educational or vocational training or medical care];

(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);

any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate . . . .

**[2]** Riley contends that this condition is impermissibly overbroad. Because the condition reaches *any* material relating to minors, Riley maintains, it would prevent him from accessing even current event news stories that pertain to children. He further argues that, as he is a technical engineer,[2] the condition unduly prevents him from working on computer programs designed for or used by minors. We agree that the condition is impermissibly overbroad, imposing a far greater deprivation of liberty than reasonably necessary to achieve legitimate goals of supervised release. *See Weber*, 451 F.3d at 558.

**[3]** The condition sweeps extremely widely. As the government's counsel agreed at oral argument, a literal reading of the condition would prohibit Riley from watching any movie on his computer that had children in it. Nor could Riley use a computer to send his own young relatives birthday cards. According to the government, the condition would also prohibit Riley from taking a job at a health insurance company that required him to enter minors' claims information into a database. Moreover, the condition imposes a blanket *ban* on Riley's use of a computer, not use subject to approval by his probation officer. In other words, even if a probation officer agreed that using a computer to access particular material were acceptable, the condition would still prohibit Riley from accessing the material if it related to minors.

The government maintains that the condition, despite its breadth, is necessary to promote the goals of supervised release: the prevention of Riley's recidivism, the promotion of his rehabilitation, and the protection of the public. A computer was instrumental in the commission of the offense, the government observes. In light of Riley's demonstrated sexual interest in minors, the government urges, the restrictions are reasonably related to these goals.

---

[2]According to the presentence report, Riley's previous jobs included work as a "senior technician" at a communications company, and an "engineer" at a firm known as Peak Technical Services. As far as the record reveals, neither position involved software application programming.

**[4]** Riley used a computer to order the child pornography; images of child pornography were found on his computer; and Riley sent the undercover officer explicit messages and images relating to minors in the course of ordering the pornography later delivered to his residence. But, as shown, the condition restricts uses of computers in situations that bear no relation to protecting the public from child pornography or exploitation, promoting rehabilitation, or preventing recidivism. And, given the other, valid release conditions, the restriction on computer access to all material relating to minors does little, if anything, additional to promote the goals of supervised release.[3]

**[5]** The government nevertheless contends that the broad, blanket restriction on computer access to all material relating to minors is necessary to fill in gaps in the remaining conditions. We fail to see how this is so. At oral argument, the government suggested that without the challenged condition, Riley would be free to use an approved computer to enter children's chat rooms or to look at "child erotica," presumably sexually suggestive material that does not rise to the level of pornography. Both uses likely would be covered by the other conditions restricting Riley's ability to interact with minors and to possess material depicting sexually explicit conduct.[4] If not, a condition specifically covering the specific,

---

[3]The other computer-related conditions require Riley to obtain approval from his probation officer before using any computer or Internet account. Other conditions prohibit Riley from possessing any material depicting "sexually explicit conduct," and prohibit him from associating or communicating with minors, including via electronic communications, without the minor's parent's consent.

[4]The conditions define "sexually explicit conduct" with reference to 18 U.S.C. § 2256(2), which provides that " 'sexually explicit conduct' means actual or simulated— (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."

child-related behavior the government posits could be added. A condition as broad as the one imposed by the district court simply cannot be sustained on the ground that it is necessary as a stop-gap to promote the goals of supervised release, given the sheer range of unrelated activity it restricts. Although we leave open the possibility that another, more narrowly drawn provision might cover situations reasonably related to the goals of supervised release not encapsulated by the remaining conditions, the government has asked us not to adopt a narrow reading of this condition, and so we decline to do so.

## III.

**[6]** The blanket prohibition on use of a computer to access "material that relates to minors" is a greater deprivation of liberty than reasonably necessary to promote the goals of supervised release. The district court's decision to impose this condition was an abuse of discretion.

AFFIRMED in part; VACATED in part; and REMANDED for proceedings consistent with this opinion.