**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30037 |
| Plaintiff - Appellee, | D.C. No. CR-08-126-BLG-RFC |
| vs. | MEMORANDUM <sup>*</sup> |
| JOSEPH EMORY ANTHONY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Submitted January 10, 2011<sup>**</sup>
Seattle, Washington

Before: GRABER and M. SMITH, Circuit Judges, and BENITEZ,<sup>***</sup> District
Judge.

Defendant Joseph Emory Anthony appeals the 235-month custodial sentence

and conditions of supervised release imposed for Possession of Child Pornography,

---

<sup>*</sup> This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup> The panel unanimously concludes this case is suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

<sup>***</sup> The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

in violation of 18 U.S.C. § 2252A(a)(5)(b). We have jurisdiction over the matter pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate two special conditions of supervised release and remand for reimposition of conditions but affirm the sentence in all other respects.

Anthony contends that the government breached the plea agreement by not recommending a lower sentence. However, the district court rejected the plea agreement at the outset of the sentencing hearing. Before counsel for the government spoke, the court announced that the plea agreement was being rejected and notified Anthony that the sentencing range contained in the plea agreement was too lenient. Following the requirements of Federal Rule of Criminal Procedure 11(c)(5), the court then gave Anthony the opportunity to withdraw his guilty plea. When Anthony decided to persist in his guilty plea, the government was no longer bound by the rejected plea agreement. *See United States v. Kuchinski*, 469 F.3d 853, 858 (9th Cir. 2006). Therefore, there was no breach of the plea agreement.

Anthony contends that his 235-month sentence is substantively unreasonable. When reviewing a sentencing decision, we first review the determination for procedural error, and then address the substantive reasonableness of a sentence. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

2

Here, the sentencing court began by resolving objections to the pre-sentence report and correctly calculating the Sentencing Guidelines range. It then addressed the facts of the case and explained the sentence selected based on the sentencing factors listed in 18 U.S.C. § 3553(a). There was no procedural error.

The sentence was within the correctly calculated Sentencing Guidelines range and below the statutory maximum sentence of twenty years. "[W]hen the judge's discretionary decision accords with the [Sentencing] Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *Rita v. United States*, 551 U.S. 338, 351 (2007); *see Carty*, 520 F.3d at 994 (adopting this standard). In light of the totality of the circumstances, given the sentencing court's thorough explanation of the sentencing factors and the danger Anthony posed to the community, we cannot say that the sentence was substantively unreasonable. *United States v. Blinkinsop,* 606 F.3d 1110, 1116 (9th Cir. 2010).

Lastly, Anthony challenges as overbroad two special conditions of his supervised release. Special Condition No. 7 prohibits possession and use of any computer or electronic device that can provide access to the internet. The government concedes that this condition is overbroad in light of *United States v. Riley*, 576 F.3d 1046, 1050 (9th Cir. 2009), and we agree.

3

Special Condition No. 15 is likewise overbroad and requires Anthony to abstain from consuming or possessing alcohol and to avoid establishments where alcohol is the primary item of sale. Alcohol played no part in the offense of conviction and the nexus is slight between Anthony's possession of alcohol and his past criminal conduct. Given the facts in the record, Special Condition No. 15 is not narrowly tailored and imposes a greater deprivation of liberty than is reasonably necessary for the purposes of supervised release described in 18 U.S.C. § 3583(d). *Riley*, 576 F.3d at 1048.

Conditions of release VACATED and REMANDED for reimposition of special conditions of release. AFFIRMED in all other respects.