**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAXIE A. MOORE,

Defendant - Appellant.

No. 10-30162

D.C. No. 2:09-cr-00239-RBL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted May 2, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Maxie A. Moore ("Moore") appeals from the sentence imposed upon him by

the district court after he pled guilty to fraud and identity theft charges.

Specifically, Moore argues that (1) the district court failed to adequately explain

the basis for its sentence; (2) the sentence, including an upward variance, was

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

substantively unreasonable; (3) a number of the special conditions imposed upon him, which appeared in the judgment but were not read aloud to him at sentencing, should be stricken; and (4) the district court abused its discretion in imposing sex-offender conditions of supervised release upon him, including the requirement that he register as a sex offender under the Sexual Offender Registration and Notification Act ("SORNA"). We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm in part, reverse in part, and remand. The parties are familiar with the facts underlying each challenge and thus we do not include them here.

When reviewing a sentence, we must "first ensure that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court did not commit a procedural error; it explained that its determination of Moore's dangerousness was based on the court's familiarity with Moore and his inability to comply with the previously-imposed conditions of his supervised release, Moore's psychosexual evaluation, and his Presentence Report. This is "enough to satisfy [us] that [the district court] has considered the parties'

2

arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Nor did the district court abuse its discretion by applying a substantively unreasonable sentence. *See Gall*, 552 U.S. at 51 ("Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard."). The district court was intimately familiar with Moore and his history, and thereby followed the Guideline's direction to consider situations where the "offense level determined under this guideline substantially understates the seriousness of the offense," and where the "primary objective of the offense was an aggravating, non-monetary objective." U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.19(A); *see also* 18 U.S.C. § 3553(a) (factors to be considered in imposing a sentence).

Moore argues that the Confrontation Clause and Due Process requires us to strike the conditions of supervised release imposed upon him in the judgment that were not included in his oral sentence. However, because Moore had the opportunity to read and object to the written judgment, including all the special conditions, *at the time of his sentencing*, there was no Confrontation Clause or Due Process violation. *See United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006) ("The actual imposition of a sentence occurs at the oral sentencing, not when

3

the written judgment later issues."); *see also United States v. Cade*, 236 F.3d 463, 465 (9th Cir. 2000) (court reviews de novo the legality of a sentence). The district court did not abuse its discretion in imposing the majority of the sex offender conditions of supervised release upon Moore. *See United States v. Riley*, 576 F.3d 1046, 1048 (9th Cir. 2009) (reviewing district court's imposition of special conditions of supervised release for abuse of discretion). Even though Moore's most recent conviction was not for a sex offense, the bulk of the sex offender special conditions of supervised release were "reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release.'" *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010) (alternation omitted); *see also* 18 U.S.C. § 3583(c) (factors to be considered in including a term of supervised release). This case is unlike *United States v. T.M.*, 330 F.3d 1235 (9th Cir. 2003), because the length of time between Moore's sex offense and the current offense is shorter than in *T.M.*, and because Moore's intervening actions—repeatedly entering into relationships with women with young daughters, initiated over the internet, and violating the conditions of his supervised release by having unsupervised contact with those girls—bore a significant relationship to his sex offender status. *See id.* at 1240-41

4

(acknowledging "more recent relevant events may revive old offenses and justify the imposition of supervised release conditions related to sex offender status" when "they bear [a] significant relation to sex offender status").

The district court, however, abused its discretion in imposing the condition that Moore register as a sex offender under SORNA. Even assuming arguendo that no Ex Post Facto Clause issue is presented by the imposition of a SORNA registration requirement to a pre-SORNA offense, the fifteen-year registration period for Moore's 1994 Oregon state sex offense would have run by the time Moore was convicted for the present fraud offense, absent tolling for periods of incarceration, as the government concedes. *See* 42 U.S.C. § 16915(a)(1) (duration of registration requirement). SORNA gives the Attorney General complete discretion to determine the extent to which SORNA applies to sex offenders convicted before SORNA was enacted. *See United States v. Valverde*, 628 F.3d 1159, 1162 (9th Cir. 2010). Under the Attorney General's guidelines, "jurisdictions are not required to 'toll' the running of the registration period during . . . subsequent periods of confinement." 73 Fed. Reg. 38,030, 38,068 (July 2, 2008). A jurisdiction *may* decide to toll, "[b]ut that is a matter in the jurisdiction's discretion." *Id.* Oregon has not yet implemented SORNA, let alone decided to toll the registration period for periods of confinement. Thus, because no

tolling was in effect, the registration period for Moore's 1994 conviction had run by the time of his sentencing, and the district court therefore abused its discretion in requiring Moore to register under SORNA as a special condition of supervised release.

We decline to address whether a district court may impose a SORNA registration requirement as a special condition of supervised release absent a registration requirement under the statute itself. Even assuming the district court has discretion to do so, based on the record in this case, such a requirement involves a greater deprivation of liberty than is reasonably necessary based on the seriousness of the offense, the need to provide adequate deterrence, and to protect the public from further crimes. *See* 18 U.S.C. § 3583(d).

Moore's motion to withhold his name from any public disclosure in any decision issued by this court is DENIED.

**AFFIRMED in part, REVERSED in part, and REMANDED**