**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10333 |
| Plaintiff - Appellee, | D.C. No. 4:06-cr-01277-CKJ-JCG-1 |
| v. | |
| ROBERT THOMAS O'DONNELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted May 17, 2012
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Robert Thomas O'Donnell appeals his supervised release revocation and the

sentence imposed upon revocation. We have jurisdiction pursuant to 28 U.S.C.

§ 1291, and we affirm. Since the parties are familiar with the facts and

background, we repeat them here only as necessary.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

O'Donnell claims that the district court erred in imposing certain supervised release conditions upon revocation. District courts have wide discretion in imposing such conditions, and may impose conditions that are "reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003) (internal quotation marks and citation omitted). Each of the challenged conditions is proper.

The substance abuse treatment requirement will help protect the public and aid in rehabilitation since O'Donnell has a history of drug use. Similarly, the residential re-entry special condition will help O'Donnell reintegrate into society. The restriction on alcohol is appropriate because the district court found that alcohol use impairs judgment and may make O'Donnell re-offend. *See United States v. Wise*, 391 F.3d 1027, 1031 (9th Cir. 2004) (supervised release condition need not be related to the offense of conviction). The financial disclosure conditions are reasonably related to the 18 U.S.C. § 3553(a) factors because, as the district court found, financial issues lead to stress, which could be a triggering factor for O'Donnell.

The prohibition on sexually explicit material is related both to O'Donnell's offense and protection of the public. *See Rearden*, 349 F.3d at 619-20; *see also United States v. Bee*, 162 F.3d 1232, 1234-35 (9th Cir. 1998) (probationer does not have an unqualified right to "sexually stimulating or sexually oriented materials"). Similarly, the restrictions related to underage females are designed to facilitate rehabilitation and reduce risk to society. *See United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008) (barring defendant from employment "that causes him to regularly contact persons under the age of 18").

A sex-offender may be prohibited from using any online computer service. *Rearden,* 349 F.3d at 620-21. Because the Internet was essential to O'Donnell's offense, such a restriction is proper. *United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005). O'Donnell may still use a computer that is not connected to the internet or seek approval for internet use from his probation officer, distinguishing his situation from *United States v. Riley*, 576 F.3d 1046, 1049 (9th Cir. 2009), which disallowed a blanket prohibition on computer use. The restriction against recording devices is proper because it is related to O'Donnell's offense. *United States v. Blinkinsop*, 606 F.3d 1110, 1122-23 (9th Cir. 2010).

O'Donnell next claims that the district court erred by denying him adequate notice, confrontation rights, and due process at the revocation hearing. Before the

3

hearing, O'Donnell was provided with copies of pictures that the prosecution would rely on to meet its burden; he understood the allegations against him and had sufficient notice of the allegations to prepare a defense. *United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993). O'Donnell's right to cross-examine was not violated because the district court did not rely upon the probation officer's testimony regarding the deposition transcript, and the photographs at issue were properly admitted based on Hafner's testimony. Of note, O'Donnell did not ask for a continuance with respect to the alleged surprise witness, nor did O'Donnell demonstrate resultant prejudice. No due process violation occurred.

Finally, the probation department had the authority to provide O'Donnell an explanation of the prohibition against "contact" with minors. *See United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005) ("Congress has given probation officers broad statutory authority to supervise offenders and to enforce a sentencing court's terms and conditions of supervised release and probation." (citing 18 U.S.C. §§ 3603, 3606)). In any event, because the district court did not rely upon the probation department's clarification when revoking supervised release, any error in the probation department's definition was harmless error. As referenced at oral argument, O'Donnell may seek "approval of the probation

4

officer" to deviate from the restrictions on contact with underage females and internet access.

**AFFIRMED.**