**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50624 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-04061-BTM-1 |
| v. | |
| AARON RAYMOND FRANCO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted February 5, 2015
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges and CARR,[**] Senior District
Judge.

Defendant-Appellant Aaron Franco appeals several conditions of supervised

release imposed by the district court after he pleaded guilty to possessing child

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

pornography, a violation of 18 U.S.C. § 2252(a)(4)(B). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

At the time of his offense Franco was twenty years old, lived in his family home adjacent to a park with his mother and younger brother, and had no prior problems with the law. Franco's parents divorced when he was young and his father was not around much. During the proceedings before the district court Franco worked part-time at a retail store and was a community college student. The district court believed Franco's mental health issues and recent family tragedies caused his offense conduct. The district court sentenced Franco to six months' imprisonment and seven years supervised release, despite a guideline range of 78-97 months.

Franco's probation officer visited his family home and decided that he could not live there because it was next to a public park, and that Cal. Pen. Code § 3003.5(b) barred sex offenders from residing within 2,000 feet of a school or park. Given that restriction, the district court determined that Franco was not permitted to live in his family home next to the public park because a condition of his supervised release required him to obey all "federal, state, and local" laws.

Because he did not have the money to find an apartment, to comply with Cal. Pen. Code § 3003.5(b) Franco moved into an old, small trailer on his father's

2

auto repair business property located in an industrial area. The trailer's bathroom facilities were inadequate and it lacked a shower.

Franco missed living with his mother and brother in the family home. For this reason, and because the trailer's bathroom facilities were inadequate and the trailer was isolated in an industrial area, Franco's mother picked him up each morning and he spent his *days* at the family home with the permission of his probation officer. Soon thereafter, Franco began sleeping overnight at the family home without the permission of his probation officer.

After a hearing the district court found that Franco had violated two conditions of his supervised release: (1) that he obey federal, state, and local laws and (2) that he not reside in any dwelling without the prior approval of his probation officer.

On appeal, Franco challenges these two conditions of his supervised release, which prevent him from living with his mother and brother in the family home.

After Franco's case was submitted, the California Supreme Court held as unconstitutional the blanket enforcement of sex offender residency restrictions under Cal. Penal Code § 3003.5(b) in San Diego County. *In re Taylor*, 60 Cal.4th 1019 (2015). After consulting with the California Attorney General's Office, the California Department of Corrections and Rehabilitation determined that this

3

holding applies statewide.[1]  Instead of applying Cal. Penal Code § 3003.5(b)'s residency restrictions to all sex offenders, California will consider each offender's individual circumstances.

In light of these recent developments in California law, we remand this matter to the district court to determine where Franco may live while he serves out the remainder of his term of supervised release.

Franco also argues that the district court abused its discretion by imposing the special condition of supervised release that he "not have unsupervised contact with any child under the age of 18 . . . unless in the presence of a supervising adult (who is aware of the defendant's conviction), and with the prior approval of the probation officer."

It is well-established that "it would be procedural error for a district court . . . to fail adequately to explain the sentence selected." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008).  While the district court "need not state at sentencing the reasons for imposing each condition of supervised release, that is only true *if [the reasoning] is apparent from the record*." *United States v. Collins*,

---

[1] Kate Mather, *California loosens Jessica's Law rules on where sex offenders can live*, L.A. TIMES, March 26, 2015, available at http://www.latimes.com/local/lanow/la-me-ln-california-sex-offenders-20150326-story.html (last checked April 16, 2015).

684 F.3d 873, 890 (9th Cir. 2012) (alterations in original) (citation and internal quotation marks omitted).

As was the case in *Collins*, here the district court insufficiently explained its decision to prohibit Franco from having contact with minors. *Id.* at 891.

The district court imposed this condition pending receipt of medical reports on whether the condition was too restrictive. Two doctors, one retained by defense counsel and the other by the probation department, both expressed the opinion that Franco posed a low risk for sexual re-offense. Nonetheless, the court decided to maintain the condition without addressing the sentencing factors of 18 U.S.C. § 3553(a) factors.

In doing so the district court also may have committed substantive error because it is not clear that this condition was "reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender" and because the condition may have been more restrictive than necessary. *United States v. Riley*, 576 F.3d 1046, 1048 (9th Cir. 2009). On remand, the district court shall consider the substantive reasonableness of this condition.

In light of Franco's performance on supervised release since December 2013, the passage of over a year since the conditions were imposed, and the changes in California law, the district court should take another look at the

5

conditions.

**REVERSED** and **REMANDED**.