**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30147 |
| Plaintiff - Appellee, | D.C. No. 9:14-cr-00027-DLC-1 |
| v. | |
| JOHN MERCHBERGER, III, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted June 6, 2016
Seattle, Washington

Before: PAEZ and BYBEE, Circuit Judges and TIGAR,[**] District Judge.

Defendant-Appellant John Merchberger, III, appeals the imposition of two

conditions on his lifetime supervised release.  This Court reviews the district

court's imposition of a supervised release condition for abuse of discretion.  *United*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jon S. Tigar, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

*States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). "In applying this standard of review, we give considerable deference to a district court's determination of the appropriate supervised release conditions, recognizing that a district court has at its disposal all of the evidence, its own impressions of a defendant, and wide latitude." *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008) (internal quotation marks omitted). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

First, the district court did not abuse its discretion by imposing Condition 8 on Merchberger, which limits his access to "any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are primarily designed to arouse sexual desire." This condition reasonably limits Merchberger's access to sexually explicit material while ensuring that his First Amendment right to access protected speech is not restricted more than reasonably necessary. *See United States v. Gnirke*, 775 F.3d 1155, 1166 (9th Cir. 2015) (approving of a condition that limited access to "any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by Gnirke's probation officer").

Second, the district court did not abuse its discretion by imposing Condition 10 on Merchberger, which limits his access to computers or other devices connected to the internet without the prior approval of his probation officer. At oral argument, Merchberger's counsel clarified that he challenges this condition based on its limitation of Merchberger's access to the internet rather than computers more generally. However, our case law makes clear that such limitations are not an abuse of discretion. *See United States v. Quinzon*, 643 F.3d 1266, 1272–73 (9th Cir. 2011); *United States v. Goddard*, 537 F.3d 1087, 1091 (9th Cir. 2008); *United States v. Rearden*, 349 F.3d 608, 620–21 (9th Cir. 2003).

Our decision in *United States v. Riley*, 576 F.3d 1046, 1049–50 (9th Cir. 2009), does not assist Merchberger. In *Riley*, we struck down a lifetime supervision condition that completely banned the defendant from certain categories of internet content, regardless of whether his probation officer approved of his access. *See id.* at 1049. Here, by contrast, the condition only requires Merchberger to obtain prior approval from his probation officer, a situation we explicitly contrasted in *Riley*. *See id.*

**AFFIRMED.**