**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY LEE GUSTAFSON

Defendant - Appellant.

No. 15-30192

D.C. No. 9:14-cr-00027-DLC-4

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted June 6, 2016
Seattle, Washington

Before: PAEZ and BYBEE, Circuit Judges and TIGAR,** District Judge.

Defendant-Appellant Tony Lee Gustafson appeals the imposition of lifetime

supervised release as well as two conditions of his supervision. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jon S. Tigar, District Judge for the U.S. District Court
for the Northern District of California, sitting by designation.

First, Gustafson challenges the district court's decision to sentence him to lifetime supervised release. The government contends, and Gustafson does not dispute, that Gustafson did not raise his objections to lifetime supervised release before the district court, and therefore that the proper standard of review is for plain error. We therefore consider whether Gustafson has shown "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Vanderwerfhorst*, 576 F.3d 929, 934 (9th Cir. 2009).

Gustafson argues that the district court relied on "false or unreliable information" in imposing his sentence, *Vanderwerfhorst*, 576 F.3d at 935, because it considered the absence of a psychosexual report as evidence of Gustafson's risk of reoffense. In fact, the district court explicitly stated that "I am not attaching anything to the lack of a psychosocial evaluation," and further identified several factors that it believed indicated a risk to reoffend, including the nature of Gustafson's child pornography collection and his history of violations.

Gustafson also argues that the district court violated 18 U.S.C. § 3553(a)(6) by failing to consider the statutory factor of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." We have previously held that this factor is only one of many that a district court should consider during sentencing. *United States v.*

2

*Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006) ("Even if this disparity were assumed to be unwarranted, however, that factor alone would not render Appellants' sentences unreasonable; the need to avoid unwarranted sentencing disparities is only one factor a district court is to consider in imposing a sentence."). Here, the district court carefully reviewed the statutory factors defined by 18 U.S.C. § 3553(a), including whether Gustafson's sentence was disparate, and concluded that lifetime supervision was appropriate. We find no error in the district court's determination.

Second, Gustafson challenges two conditions of his lifetime supervised release. We review the district court's imposition of a supervised release condition for abuse of discretion. *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). "In applying this standard of review, we give considerable deference to a district court's determination of the appropriate supervised release conditions, recognizing that a district court has at its disposal all of the evidence, its own impressions of a defendant, and wide latitude." *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008) (internal quotation marks omitted).

The district court did not abuse its discretion by imposing Condition 11 on Gustafson, which limits his access to "any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials taken as a whole, are

3

primarily designed to arouse sexual desire." This condition reasonably limits Gustafson's access to sexually explicit material while ensuring that his First Amendment right to access protected speech is not restricted more than reasonably necessary. *See United States v. Gnirke*, 775 F.3d 1155, 1166 (9th Cir. 2015) (approving of a condition that limited access to "any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by Gnirke's probation officer").

Second, the district court did not abuse its discretion by imposing Condition 13 on Gustafson, which limits his access to computers or other devices connected to the internet without the prior approval of his probation officer. At oral argument, counsel clarified that the defendant challenges this condition based on its limitation of his access to the internet rather than computers more generally. However, our case law makes clear that such limitations are not an abuse of discretion. *See United States v. Quinzon*, 643 F.3d 1266, 1272–73 (9th Cir. 2011); *United States v. Goddard*, 537 F.3d 1087, 1091 (9th Cir. 2008); *United States v. Rearden*, 349 F.3d 608, 620–21 (9th Cir. 2003).

Our decision in *United States v. Riley*, 576 F.3d 1046, 1049–50 (9th Cir. 2009), does not assist Gustafson. In *Riley*, we struck down a lifetime supervision

4

condition that completely banned the defendant from certain categories of internet content, regardless of whether his probation office approved of his access. *See id.* at 1049. Here, by contrast, the condition only requires Gustafson to obtain prior approval from his probation officer, a situation we explicitly contrasted in *Riley*. *See id.*

**AFFIRMED.**