**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50184 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00534-WQH |
| v. | |
| MICHAEL BRENT PETERSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted August 15, 2019
Pasadena, California

Before: CALLAHAN and CHRISTEN, Circuit Judges, and WU,** District Judge.

Defendant-Appellant Michael Brent Peterson served a thirty-nine month

term in custody after pleading guilty to possession of child pornography in

violation of 18 U.S.C. § 2252(a)(4)(B). After release, he violated his initial terms

of supervised release. The district court thereafter sentenced Defendant to four

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

months in custody and re-imposed similar conditions. Defendant now challenges the following special conditions of supervised release: #3 ("Computer Condition")[1], #7 ("Loitering Condition"), #9 ("Polygraph Requirement"), #12 ("Substance Abuse Condition"), and #13 ("GPS Monitoring Condition"). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and **AFFIRM** all of the conditions except for the Computer Condition, which we **REMAND** for clarification as to its scope.

Defendant challenges the Computer Condition as unconstitutionally vague, a greater deprivation of liberty than is reasonably necessary, and an overbroad restriction of his First Amendment rights. We reject Defendant's First Amendment challenge because the district court has "broad discretion in setting conditions of supervised release, including restrictions that infringe on fundamental rights." *United States v. Bee*, 162 F.3d 1232, 1234 (9th Cir. 1998) (citing *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991)).[2]

---

[1] The first sentence of the Computer Condition orders that Defendant: "Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C. § 1030(e)(1)), which can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment, without prior approval by the court or probation officer, all of which are subject to search and seizure."

[2] Defendant's reliance on *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017), is misguided. *Packingham* struck down a statute making it a felony for a registered sex offender "to access a commercial social networking Web site where the sex offender knows that the site permits minor children to become members or to create or maintain personal Web pages." *Id.* at 1731. Defendant was convicted

This Circuit has recognized a district judge's authority at sentencing to prohibit the possession or use of a computer with online access by a defendant with a child pornography conviction. *See, e.g.*, *United States v. Rearden*, 349 F.3d 608, 620-21 (9th Cir. 2003). But this Circuit has also held that certain limitations on computer use can be overly restrictive. *See, e.g.*, *United States v. Riley*, 576 F.3d 1046, 1048-50 (9th Cir. 2009) (finding to be overbroad a supervised release condition that placed a blanket prohibition on the use of a computer to access "any material that relates to minors" where the ban did not allow for any exceptions approved by a probation officer).

Nevertheless, the first sentence of the Computer Condition is problematic and requires clarification. Its interdiction not to "use or possess any computer [or] computer-related devices . . . which can communicate data via modem, dedicated connections or cellular networks" is not necessarily limited to devices that have the

---

after posting on Facebook about his positive experience fighting a traffic ticket in state court. The Supreme Court held the statute to be overbroad in violation of the First Amendment specifically noting: (1) there was no allegation that defendant had contacted a minor or committed any other illicit act (*id*. at 1734); (2) "the law imposes severe restrictions on persons who already have served their sentence and are no longer subject to the supervision of the criminal justice system" (*id*. at 1737); and (3) "the statute here enacts a prohibition unprecedented in the scope of First Amendment speech it burdens." *Id.*

This case involves a defendant who is currently subject to the supervision of the criminal justice system and a specific supervised release condition that attempts to be tailored to his conviction and circumstances.

capacity to access child pornography or similar forbidden material and/or activity. The limiting language referencing 18 U.S.C. § 1030(e)(1) does not provide sufficient guidance.[3] It is vague and potentially overbroad. Therefore, we remand the Computer Condition for the district court to explicitly delineate that the prohibition only covers computers and computer-related devices that can access "(1) . . . any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2), and (2) . . . any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [Defendant's] probation officer."[4] *United States v. Gnirke*, 775 F.3d 1155, 1166 (9th Cir. 2015).

---

[3] At oral argument, references were made to numerous items which would seemingly fall within the ambit of the condition, but which a reasonable person might be unaware – *e.g.* refrigerators with Internet connectivity, Fitbit™ watches, etc. Also, for example, all automobiles manufactured after 2008 are required to be equipped with computers that can send digital messages concerning the vehicle's operations through a "controller area network." *See Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 958, 969-70 (N.D. Cal. 2015).

[4] The potential for this condition being unconstitutionally overbroad is remedied to an extent by the delineated provision that any such computer or computer-related device can be used or possessed by Defendant so long as he obtains the prior approval of the court or the probation office.

Defendant did not challenge the requirement that he "consent to installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data."

Defendant also contends that the Loitering Condition is unconstitutionally vague and substantively unreasonable. However, a common sense reading of that provision reveals that it is clear and appropriately limited in that it only prohibits Defendant from loitering near minors. *See generally United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008); *cf. United States v. Blinkinsop*, 606 F.3d 1110, 1119-22 (9th Cir. 2010).

Defendant argues that the rest of the conditions are not tailored to his specific circumstances or are overly burdensome. We conclude that the district court did not abuse its discretion in imposing the remaining conditions because they are reasonably related to the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(d). The Substance Abuse Condition is reasonable based on Defendant's past alcoholism, continuous marijuana use, and mental health issues. Likewise, the district court acted within its discretion in imposing the Polygraph Requirement in response to Defendant's "poor" performance on supervised release up to that point. Lastly, the GPS Monitoring condition is justifiable based on Defendant's poor performance and law enforcement's difficulty in locating him at times.

**AFFIRMED** in part and **REMANDED** in part.