NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 22-30006 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00042-TMB-MMS-1 |
| v. | |
| TYLER CHANCE BATEMAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted August 8, 2022**
Anchorage, Alaska

Before:  S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

Tyler Bateman appeals the district court's imposition of special conditions of

supervised release, specifically those that prohibit him from posting on social media.

We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.  We affirm.

We review de novo whether supervised release conditions violate the

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Constitution. *United States v. Wells*, 29 F.4th 580, 583 (9th Cir. 2022). Here, the challenged conditions are constitutional because they are reasonably related to the goals of deterrence, public protection, and Bateman's rehabilitation; they involve no greater deprivation of liberty than is reasonably necessary to achieve these goals; and they are not inconsistent with any policy statements issued by the Sentencing Commission. *Id.* at 590 (quoting *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (per curiam)). We have acknowledged that broad restrictions on Internet use are permissible when, as here, "use of the Internet was 'essential' or 'integral' to the offense of conviction." *United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016). Unlike in other cases in which we have struck down restrictions on Internet use, the prohibition here is "not absolute" and "allows for approval of appropriate online access by the Probation Office." *United States v. Rearden*, 349 F.3d 608, 621 (9th Cir. 2003); *see also United States v. Riley*, 576 F.3d 1046, 1048–50 (9th Cir. 2009). Bateman's own attorney conceded repeatedly that his client is such a habitual maker of electronic threats that his social media usage should be restricted. And Bateman's behavior immediately upon release strongly supports such concessions, as do his statements to the Probation Office that he would continue to violate the conditions.

Because Bateman did not object to the conditions before the district court, we review their imposition for plain error. *LaCoste*, 821 F.3d at 1190. To show a plain

2

error, Bateman must show that the district court committed (1) "an error" that was (2) "clear or obvious, rather than subject to reasonable dispute," and that (3) such error "must have affected the appellant's substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009). Bateman cannot show that the district court committed an error. The district judge committed no procedural error because he adequately explained the challenged conditions. *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc). And the district judge committed no substantive error in imposing the challenged conditions, for the same reasons discussed above. *See United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012); *Soltero*, 510 F.3d at 866.

    **AFFIRMED.**