NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERHARD FRANCIS HOLLATZ,

Defendant - Appellant.

No. 23-2263

D.C. No.
2:03-cr-00672-PA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted July 18, 2024
Pasadena, California

Before: WARDLAW, PAEZ, and SANCHEZ, Circuit Judges.

Defendant-Appellant Gerhard Francis Hollatz appeals the imposition of two

conditions of supervised release: Condition 30, which prohibits Hollatz from

accessing, or allowing others to access on his behalf, "via computer any material

that relates to children;" and Condition 31, which prohibits Hollatz from residing

"within 2,000 feet of school yards, parks, public swimming pools, playgrounds,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

youth centers, video arcade facilities, or other places primarily used by persons under the age of 18." We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We vacate Conditions 30 and 31, and remand for reconsideration of the residency restriction before a different district court judge.

1. The government concedes that Condition 30 is overbroad under *United States v. Riley*, 576 F.3d 1046 (9th Cir. 2009). In *Riley*, we held that that an identical condition of supervised release concerning use of a computer "[was] a greater deprivation of liberty than reasonably necessary to promote the goals of supervised release." 576 F.3d at 1050. We thus vacate Condition 30.

2. Because Hollatz objected to Condition 31 before the district court, we review his procedural challenge to the residency restriction for abuse of discretion. *See United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012). At sentencing, the district court explained that it was rejecting a direct view restriction and would instead impose a 2,000-foot residency restriction. Accommodating the district court's skepticism of an indefinite direct view restriction, Hollatz's counsel proposed an alternative 100- or 500- foot residency restriction. The district court's failure to address either proposed alternative was error under *United States v. Rudd*, 662 F.3d 1257 (9th Cir. 2011).

In *Rudd*, the district court imposed a 2,000-foot residency restriction on a defendant who pleaded guilty to engaging in illicit sexual conduct. 662 F.3d at

2

1258–59. We concluded that the court procedurally erred because "in the absence of any explanation of how the chosen distance furthers the purposes of Rudd's supervised release, the choice of 2,000 feet appears arbitrary." *Id.* at 1263. Further, we observed that "[a] greater exposition of reasons is particularly necessary for procedural soundness where the district court is choosing among several sentencing options." 662 F.3d at 1262.

As in *Rudd*, the district court here "chose specifically to adopt a residency restriction of 2,000 feet, instead of other potential distances or approaches," including those proposed by Hollatz's counsel. *Id.* Because the district court did not provide any explanation for its imposition of the 2,000-foot residency restriction, and none is apparent from the record, the district court committed procedural error. *See id.*; *see also United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc) ("[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position.").

The district court's use of a prepared script addressing its rejection of a direct view restriction likely contributed to the court's error.[1] When there is a

---

[1] Hollatz and the government request judicial notice of three district court proceedings in which the same district court judge imposed a 2,000-foot residency restriction. Courts may take judicial notice of facts "that [are] not subject to reasonable dispute because [they] (1) [are] generally known within the trial court's

3

"lack of apparent basis for the restriction in the record, the district court must, at a minimum, articulate a basis for imposing the condition, tailored to the nature and circumstances of [the defendant's] offense and his specific character and history." *Rudd*, 662 F.3d at 1263. Although "a sentencing judge is not required to articulate on the record at sentencing the reasons for imposing each condition of supervised release," *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) (internal quotation marks and footnote omitted), "to impose a condition that implicates a significant liberty interest, the district court must support its decision on the record with evidence justifying the condition," *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). By imposing a 2,000-foot residency restriction that has the potential to ban Hollatz from living in most of urban Los Angeles, "such a serious restriction requires sufficient explanation, particularly where . . . the reasonableness of the restriction is not at all clear from the record." *Collins*, 684 F.3d at 890; *see Rudd*, 662 F.3d at 1265 (noting that residency restrictions in urban areas can "subject defendants to a state of 'constant eviction'").

The district court's scripted colloquy focused on its rejection of a direct view condition rather than on what defense counsel actually proposed—limiting the

---

territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because the motions are unopposed and there is no doubt as to the accuracy of the court records, we grant the motions.

residency restriction to either 100 or 500 feet.  In doing so, the court did not tailor its sentencing decision to the specific facts of Hollatz's case as required by our precedents.  *See Rudd*, 662 F.3d at 1263; *see also Collins*, 864 F.3d at 890.  For example, the district court referenced "latch key children" on Skid Row and not knowing how Hollatz would adjust to supervised release.  But Hollatz was living in New York at the time of his violation, had never indicated he would live near Skid Row, and had been on supervised release for many years without incident.  Accordingly, we vacate the district court's imposition of Condition 31.[2]

3.    On remand, reassignment to a different district court judge is warranted.  In determining a request for reassignment, we consider: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving appearance of fairness." *United States v. Wolf Child*, 699 F.3d 1082, 1102 (9th Cir. 2012) (internal citation omitted).  "The first two factors are equally important and a finding of either is sufficient to support reassignment on remand."

---

[2] Because the district court procedurally erred in imposing the residency restriction, we do not reach whether the condition was substantively unreasonable.

*Krechman v. Cty. of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013). A finding of actual bias by the district court is not required. *United States v. Wells*, 879 F.3d 900, 938 (9th Cir. 2018).

Here, the sentencing judge imposed the restriction on Hollatz *sua sponte* despite this court's long-established guidance in *Rudd* and *Collins* that such restrictions must be approached cautiously and must be specifically tailored to the facts of each case. The sentencing judge read from a prepared script to impose the restriction in lieu of providing a tailored analysis. Having reviewed the record, we expect the sentencing judge would have substantial difficulty setting aside his views of this case and find that reassignment is warranted under the circumstances. Therefore, upon remand, the Clerk of Court for the Central District of California shall reassign this case to a different district court judge.

**VACATED IN PART AND REVERSED AND REMANDED IN PART.**