NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN EVERETT KESSLER,

Defendant - Appellant.

No. 23-4353

D.C. No. 2:06-cr-00310-KJM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted May 23, 2025
San Francisco, California

Before: BERZON, FRIEDLAND, and MENDOZA, Circuit Judges.

Defendant Justin Everett Kessler pled guilty to Receipt of Visual Depictions

of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C.

§ 2252(a)(2).  He was sentenced to a term of 188 months in prison and 120 months

of supervised release.  Three years into his supervised release term, Kessler's

supervision was revoked.  The district court sentenced Kessler to 24 months

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

imprisonment and a life term of supervised release and imposed several new supervised release conditions. Kessler challenges the term of supervised release and two special conditions of his supervision. Kessler and the Government also ask the Court to vacate Special Condition 11—the loitering condition—and remand to allow the district court to conform its written judgment to its oral pronouncement. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm in part, and reverse, vacate, and remand in part.

1. Kessler challenges the life term of supervised release as both procedurally and substantively unreasonable. Because Kessler failed to object to the procedural correctness of his sentence below, we review for plain error whether the district court provided an adequate statement of reasons. *See United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006). The district court expressly considered deterrence, the protection of the public, and Kessler's long history of sexual abuse. Although the district court's explanation for Kessler's within-guidelines sentence was brief, it was not plain error. *See* U.S. Sent'g Guidelines Manual § 5D1.2(b)(2) (U.S. Sent'g Comm'n 2022); *United States v. Avendano-Soto*, 116 F.4th 1063, 1068–69 (9th Cir. 2024) (recognizing that this circuit's caselaw does not require "the district court [to] explain its reasoning in more detail," when fashioning a within-guidelines sentence).

Nor did the district court abuse its discretion by applying a substantively unreasonable sentence. *Avendano-Soto*, 116 F.4th at 1066 ("Even in the absence of an objection, we review the substantive reasonableness of a sentence for abuse of discretion."). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)). Here, the district court imposed a within-guidelines sentence after considering Kessler's filings and probation's dispositional report, as well as Kessler's offense conduct and supervised release violations. Viewing the totality of the circumstances, the district court's imposition of a life term of supervised release was not substantively unreasonable.

2. Kessler challenges Special Condition 6—prohibiting Kessler from "open[ing] additional lines of credit without the approval of the probation officer" —on the grounds that it has no reasonable relationship to his offense of conviction or his supervised release violations. We review conditions of supervised release for abuse of discretion. *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). To be permissible, the condition must be "reasonably related to the goal of deterrence, protection of the public, or the rehabilitation of the offender" and must not impose a "'greater deprivation of liberty than is reasonably necessary for the

3

purposes' of supervised release." *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003) (quoting 18 U.S.C. § 3583(d)(2)). The credit line condition satisfies neither requirement. Contrary to the Government's contentions, that condition is not reasonably related to deterring Kessler from purchasing a device to view child pornography or protecting the public from him. And the condition imposes a "greater deprivation of liberty than is reasonably necessary," *id.* (quoting 18 U.S.C. § 3583(d)(2)), because Kessler is subject to several other conditions that will deter him from purchasing or misusing such devices—including conditions requiring that he provide financial information upon request and submit to monitoring of electronic devices. *See United States v. Riley*, 576 F.3d 1046, 1049 & n.3 (9th Cir. 2009). The district court therefore abused its discretion in imposing Special Condition 6.

3. Kessler challenges Special Condition 11 on the grounds that it is unconstitutionally vague and overbroad. The condition provides: "You must not loiter in any public restroom." A claim may be unreviewable when the defendant has "(1) invited the error and (2) relinquished a known right." *United States v. Magdaleno*, 43 F.4th 1215, 1219–20 (9th Cir. 2022). Kessler invited the alleged error by proposing the "loiter" language that he now challenges. And Kessler relinquished any right to more specific terminology by proposing the term "loiter"

4

on the grounds that it has a legal definition and is "understandable." Thus, Kessler's challenge to Special Condition 11 is unreviewable.

4. We remand Special Condition 11, however, for the district court to conform the written judgment to the court's oral pronouncement. *United States v. Montoya*, 82 F.4th 640, 648 (9th Cir. 2023) (en banc) ("[I]f there is a conflict between the sentence orally imposed and written judgment, the oral pronouncement, as correctly reported, controls." (citation omitted)).

**AFFIRMED in part and REVERSED, VACATED, and REMANDED in part.**