THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JULIE ANN JOHNSON, Defendant-Appellant.

Fourth District No. 4—88—0064

Opinion filed September 22, 1988.

GREEN, P.J., specially concurring.

Glenn A. Stanko, of Reno, O'Bryne & Kepley, P.C., of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and J. A. C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On December 9, 1987, defendant Julie Ann Johnson entered a plea of guilty to driving under the influence of alcohol, and judgment was entered based on the plea. On January 19, 1988, rather than sentencing the defendant, the trial court placed defendant under supervision pursuant to section 5—6—1(c) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(c)). Prior to granting supervision, the trial court stated one of the conditions of supervision would require the defendant to place an advertisement in the Champaign daily newspaper publishing the picture taken of the defendant when booked, together with an apology for her conduct. The defendant was required to and did agree to this condition prior to the supervision being granted. The sole purpose of defendant's appeal is to challenge the propriety of this condition.

## APPELLATE JURISDICTION

■ We first address the issue of appellate jurisdiction. Section 5—6—1(c) of the Code allows for a court order of supervision with the possibility of the defendant being discharged without judgment being entered. Because judgment was entered on the plea on December 9, 1987, and such is inconsistent with supervision, we find the December 9 judgment was effectively vacated by the court's January 19, 1988, order granting supervision. See *People v. Allen* (1985), 109 Ill. 2d 177, 486 N.E.2d 873.

■ A problem still exists because Supreme Court Rule 604(d) provides, in part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." (107 Ill. 2d R. 604(d).)

This condition applies to those sentenced to incarceration, to probation, or to conditional discharge, and has been held to be mandatory. (See *People v. Wilk* (1988), 124 Ill. 2d 93.) Because the rule refers to an appeal from a judgment and judgment is not entered when supervision is ordered, we conclude that Rule 604(d) does not apply to this case. A defendant cannot ask to vacate a judgment when none exists. The present appeal is pursuant to authority granted by Rule 604(b), which provides:

> "A defendant who has been placed under supervision or found guilty and sentenced to probation or conditional discharge (see Ill. Rev. Stat. 1981, ch. 38, pars. 1005—6—1 through 1005—6—4), or to periodic imprisonment (see Ill. Rev. Stat. 1981, ch. 38, pars. 1005—7—1 through 1005—7—8), may appeal from the judgment and may seek review of the conditions of supervision, or of the finding of guilt or the conditions of the sentence, or both. He may also appeal from an order modifying the conditions of or revoking such an order or sentence." (107 Ill. 2d R. 604(b).)

We conclude that defendant's appeal is properly before this court.

### PROPRIETY OF CONDITION OF SUPERVISION

The power to grant an order of supervision is not unfettered. Sections 5—6—1(c), (d), and (e) of the Code (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—6—1(c), (d), (e)) set forth limitations. Section 5—6—1(c) of the Code provides, in part:

> "[H]aving regard for the circumstances of the offense, and the history, character and condition of the offender, the court is of the opinion that:
>
> (1) the offender is not likely to commit further crimes;
>
> (2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and
>
> (3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under this Code." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(c).)

The incidents and conditions of supervision are set forth in section 5—

6—3.1 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3.1). Section 5—6—3.1(c) states:

"The court may in addition to other reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant as determined for each defendant in the proper discretion of the court require that the person ***."

The section then goes on to list specific authorized conditions. None of these specifically listed conditions refer to deterrent to others, nor do any of the listed conditions suggest holding up a defendant to ridicule. While section 5—6—3.1 allows for the payment of fines and costs and reasonable public and community service, the overall intent appears to aid the defendant in rehabilitation and in avoiding future violations. Psychological and psychiatric treatment can be required, as can treatment for drug addiction or alcoholism. Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3.1(c)(4).

The defendant in this case is a young lady with a history of being a good student, having no prior criminal record, and has been evaluated as not having an alcohol or drug problem. No accident or injury to others was involved in the charge now before the court.

We recognize that the trial judge may be attempting to put more bite, or punishment, in the supervision process. However, the effect of the publication appears to go beyond the intent of the statute and, possibly, adds public ridicule as a condition. Neither the trial court nor this court, without professional assistance, can determine the psychological or psychiatric effect of the publication. An adverse effect upon the defendant would certainly be inconsistent with rehabilitation and with the statutory provision allowing the court to require psychological or psychiatric treatment.

For the reasons set forth in this opinion, we determine that the court's condition of supervision relating to the publication of the picture and apology in a local newspaper was improper and must be vacated.

Order of the trial court requiring defendant to publish the photograph and apology in a local newspaper is vacated.

Affirmed in part; vacated in part.

KNECHT, J., concurs.

PRESIDING JUSTICE GREEN, specially concurring:

I concur in the decision of the majority to accept the appeal and to vacate or reverse the portion of the order of supervision requiring

the placement of the advertisement in the newspaper. I agree with the analysis of the majority on the question of whether we have jurisdiction on appeal. I also agree with the majority that the condition of supervision goes beyond that envisioned by the General Assembly for the disposition of supervision. However, I do not share the concern of the majority that the requirement placed upon the defendant is too severe for the conduct she committed or likely to cause permanent damage to her mental health.

Where, as here, a defendant is charged with driving under the influence of intoxicating liquor (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501) and then, unlike here, is convicted and sentenced to conditional discharge, probation, periodic imprisonment or imprisonment, the driver's license of that defendant is revoked. On the other hand, where, as here, that defendant is placed on supervision, no judgment is entered until the completion of the supervision, and, if that completion is successful, the charges are dismissed. (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—6—3.1(d), (e).) As no judgment of conviction is then entered, no revocation of that defendant's driver's license results. Thus, since no imprisonment can be imposed as a condition of supervision and no driver's license revocation results, the impact of a disposition of supervision is as slight as can be imposed upon an offender.

The record here indicates the trial court recognized that supervision should not be imposed unless the defendant is "not likely to commit further crimes" (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(c)(1)) and that the impact of a disposition to supervision is usually very mild. The court was apparently worried that persons charged with driving under the influence of intoxicants, who would otherwise be good candidates for supervision, might, nevertheless, commit another offense unless greater impact was placed upon the condition of their supervision. Accordingly, here, and perhaps, in other cases, the court stated a willingness to put that defendant on supervision if that defendant would comply with the embarrassing condition of publishing the described advertisement. The defendant agreed to accept such a condition of supervision here.

The offense of driving under the influence of intoxicating liquor (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501) is a serious one which has caused much carnage. The record here indicated that the defendant drove at a time when she had a blood-alcohol content of over 0.15, which is an indication of a high degree of intoxication. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2.) She inflicted no injury on anyone while driving in that condition, but that fortunate result is mostly for-

tuitous. I do not consider the condition to be too harsh for the conduct involved here.

Similarly, I do not share the concern of the majority that the condition may impose serious or permanent harm to the defendant. Professionals in the behavioral science are often in disagreement over the rehabilitative potential of various types of criminal sanctions, but no treatise or article is cited to indicate the ridicule which the defendant might receive may have lasting harm. Any commission of conduct which involves a serious crime is likely to generate publicity and usually most of the people from whom an offender seeks respect learn of the offender's misconduct anyway. One of the issues upon which behavioral scientists find agreement is on that of imprisonment. They generally agree that, regardless of whether imprisonment must otherwise be imposed, little rehabilitation is likely to result from imprisonment. Holding an offender up to ridicule has an impact upon the offender that does not have the disadvantages of imprisonment or the financial detriment to the offender or the offender's family of a substantial fine. I deem it to be likely that a condition such as that imposed here might be quite rehabilitative and instructive, particularly to people who do not have general criminal tendencies and who would be embarrassed by the publicity.

My problem with the instant questioned condition of supervision is that it is far more drastic than any of those specifically authorized under section 5—6—3.1(c) of the Unified Code of Corrections. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3.1(c).) I fear that to uphold the condition imposed here would encourage other courts to impose other unusual, dramatic conditions, and the proliferation of these types of conditions would cause problems of a greater magnitude than their propensity to rehabilitate. Accordingly, I would fairly strictly limit the unspecified type of reasonable conditions of supervision that can be imposed and let those conditions similar to that imposed here await legislative study and definition.