THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GLENN W. MEYER, Defendant-Appellant.

Fourth District    No. 4—95—0737

Opinion filed February 8, 1996.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Brett Irving, State's Attorney, of Pittsfield (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On May 5, 1995, defendant Glenn W. Meyer was indicted in the circuit court of Pike County with the offense of aggravated battery (720 ILCS 5/12—4(a) (West 1992)) occurring on or about February 25, 1995. On June 20, 1995, that court entered a judgment on a verdict finding defendant guilty. After a sentencing hearing, that court entered an order on August 11, 1995, placing defendant on probation for 30 months with mostly usual conditions, which included a fine of $7,500 and payment of restitution of $9,615.95. However, the order required the defendant, with reasonable exceptions, to remain on the farm on which he resided for the first year of the probation. At that time that court also entered a supplemental order which provided:

"As a condition of Probation Defendant shall erect and maintain at each entrance of his property a 4X8['] sign with clearly readable lettering at 8" in height 'WARNING! A Violent Felon lives here. Enter at your own Risk!' To be erected by 8/11/95."

Defendant has appealed, claiming error only in regard to the condition of probation requiring placement of the sign. Defendant relies principally upon the precedent of the decision of this court in *People v. Johnson* (1988), 174 Ill. App. 3d 812, 528 N.E.2d 1360, and that of the First District Appellate Court in *People v. Harris* (1992), 238 Ill. App. 3d 575, 606 N.E.2d 392. In *Johnson*, we set aside a condition of supervision granted to one charged with driving under the influence of alcohol. The condition required the defendant to place an advertisement in a newspaper which would contain her picture and an apology for her conduct. In *Harris*, a person convicted of robbery

was placed upon probation conditioned upon leaving the State. That condition was also set aside. We conclude that this case differs from those cases and we affirm.

The evidence at trial, which the jury must have believed in convicting defendant and the court stated it believed in imposing sentence, showed that defendant, while on his own premises, hit a man in the forehead with a blunt instrument. The victim had purchased some automobile parts from defendant and was bringing them back, claiming they did not work. The purchaser was several days late in bringing the parts back and defendant then maintained that the tardiness had prevented him from making a sale of a truck. The discourse between the two became more vigorous, and as the victim started to leave, defendant battered him, causing a fracture of nasal bones which required hospital treatment and caused great pain.

Evidence at sentencing indicated that defendant had hit and kicked a representative from a bank who had come to defendant's residence to obtain payment for checks defendant had passed and for which his funds on deposit were inadequate to cover. Apparently defendant had been acquitted of criminal charges arising from that episode. Evidence was also presented of a battery defendant had inflicted upon an insurance adjuster who had come to defendant's premises in regard to a claim. A social worker testified on behalf of defendant that he had been working with defendant, who was taking antidepressant medicine. The social worker thought defendant was improving but indicated defendant's condition made him likely to change his usual behavior when he felt threatened in any way or felt he or his family was being treated unfairly. A number of neighbors spoke well of defendant.

The court gave very careful consideration to the sentence it imposed. The court deemed defendant's age of 62 and the impairment to his personality from which he suffered as mitigating factors. The court also considered that in most affairs of life defendant had been a decent citizen. On the other hand, the court recognized the serious nature of defendant's conduct and its repeated nature. The court concluded that ordinarily a term of 10 years of imprisonment might be appropriate for defendant's conduct but rejected that disposition because of the aforementioned mitigating factors. The court then decided that to avoid deprecating the seriousness of the offense and to afford warning to the public of the possible danger which the defendant presented, the requirement for the posting of the sign would be imposed.

The statutory power which the court sought to exercise in impos-

ing the posting of the sign as a condition of probation arises from section 5—6—3(b) of the Unified Code of Corrections, which sets forth that "[t]he Court *may in addition to other reasonable conditions* [of probation] *relating to the nature of the offense or the rehabilitation of the defendant* as determined for each defendant in the proper discretion of the Court require that the person" take certain described steps or refrain from certain described conduct. (Emphasis added.) (730 ILCS 5/5—6—3(b) (West 1992).) The posting of signs was not one of the described conditions. Similar provisions were involved in the imposition of placing the newspaper ad as a condition of supervision in *Johnson* (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3.1(c)) or the probation requirement of banishment from the State in *Harris* (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—3(b)). Thus, the question arises here as in those cases as to whether the questioned condition was "reasonable" with reference to "the nature of the offense or the rehabilitation of [the] defendant."

Here, the condition was reasonable. It related to the offense because it advised the public of the danger that might result from entering the premises. It also related to the offense in that the constant reminder of the serious nature of the offense tended to negate the inference that the grant of probation deprecated the serious nature of the offense. This was the court's primary purpose for imposing the condition. It also had some rehabilitative function as it constantly reminded defendant of the need for him to hold his temper.

The *Johnson* defendant was placed on supervision. This case involves probation. The *Johnson* offense was a misdemeanor. A felony of violence is involved here. The need to avoid deprecating the seriousness of the offense—while avoiding incarceration when the judge deems that unwise—is greater. The *Johnson* majority was concerned with the humiliation involved there, *i.e.*, in the particular context of supervision. There the requirement of the newspaper ad would not be effective in alerting the public to any danger the defendant represented. Here, it did. The batteries the defendant had committed had occurred when he became angry with persons who approached and angered him at his home.

A proliferation of unusual conditions of probation is not necessarily to be encouraged. The record indicates that the judge here gave deep thought to what would be a proper disposition under rather unusual circumstances. He did not breach his discretion. We affirm.

Affirmed.

COOK, P.J., and McCULLOUGH, J., concur.