NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| QUINTON DEWAUYN ALFORD, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D17-4982 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed July 24, 2019.

Appeal from the Circuit Court for
Hillsborough County; Mark D. Kiser,
Judge.

Howard L. Dimmig, II, Public Defender,
and William L. Sharwell, Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Linsey Sims-
Bohnenstiehl, Assistant Attorney
General, Tampa, for Appellee.

MORRIS, Judge.

Quinton Alford challenges his sentences of ten years' sex offender

probation for kidnapping and three years' sex offender probation for sexual battery.  He

argues that the special conditions of probation restricting his use of the internet are

overbroad in violation of the First Amendment.  He contends that the conditions are not

narrowly tailored to further the government's interest in the protection of children or

adults from sexual offenses or other crimes.  He relies on Packingham v. North Carolina, 137 S. Ct. 1730 (2017), and argues that his conditions are even broader than the statute at issue in that case because his conditions prohibit him from accessing news, medical, and political information; prohibit him from seeking employment information online and applying for jobs; and prohibit him from electronically communicating with anyone; including elected officials.[1]

Alford's order of probation contains two special conditions that restrict Alford's use of the internet.  On page three of the order, special condition 28 provides:

> 28.  Other:  THAT HE SHALL NOT DOWNLOAD, ACCESS OR UTILIZE SOCIAL MEDIA OR OTHER SOCIAL NETWORKING (WHICH IS DEFINED AS WEB-BASED/DATA-BASED COMMUNICATION TOOLS THAT ENABLE PEOPLE TO INTERACT WITH EACH OTHER BY BOTH SHARING AND CONSUMING INFORMATION).

On page four of the order, special condition 27 provides:

> (27) Effective for an offender whose crime was committed on or after July 1, 2005, and who are [sic] placed on supervision for violation of chapter 794, s. 800.04, s. 827.071, s. 847.0135(5), or s. 847.0145, a prohibition on accessing the Internet or other computer services EXCEPT FOR WORK AND SHOPPING until a qualified practitioner in the offender's sex offender treatment program, after a risk assessment is completed, approves and implements a safety plan for the offender's accessing or using the Internet or other computer services.  NO ACCESS TO SOCIAL MEDIA[.]

Special condition 27 is authorized by section 948.30(1)(h), Florida Statutes (2016), except that the statute makes no mention of social media and does not provide for an exception for work and shopping.

---

[1]Alford filed a motion to declare section 948.30(1), Florida Statutes (2016), unconstitutional, which the trial court denied.

In Packingham, the United States Supreme Court held as unconstitutional a North Carolina statute "making it a felony for a registered sex offender to gain access to a number of websites, including commonplace social media websites like Facebook and Twitter." 137 S. Ct. at 1733. The Court held that the statute did not survive intermediate scrutiny because it was not narrowly tailored to serve the significant governmental interest of protecting victims of sexual offenses. Id. at 1736-37. The Court opined that "the First Amendment permits a State to enact specific, narrowly tailored laws that prohibit a sex offender from engaging in conduct that often presages a sexual crime, like contacting a minor or using a website to gather information about a minor" and that "[s]pecific laws of that type must be the State's first resort to ward off the serious harm that sexual crimes inflict." Id. at 1737. But by "foreclose[ing] access to social media altogether," the North Carolina statute "prevent[ed] the user from engaging in the legitimate exercise of First Amendment rights" and was thus unconstitutional. Id.

There is one major distinction between Packingham and the instant case. The restrictions on Alford's access to the internet and social media are conditions of his probationary sentence, whereas the restrictions in Packingham were found in a statute that applied to sex offenders who had completed their sentences and were no longer subject to the supervision of the courts. See id. (noting "the troubling fact that the law [at issue] imposes severe restrictions on persons who already have served their sentence and are no longer subject to the supervision of the criminal justice system"). There are no cases in Florida discussing Packingham, but several courts have acknowledged this distinction and refused to extend Packingham to internet-restricting conditions of supervised release or probation.

In United States v. Antczak, 753 F. App'x 705, 714 (11th Cir. 2018), a term of the defendant's lifetime supervised release prevented him from possessing or using a computer without prior approval from the court, with any use being related to authorized employment.  The Eleventh Circuit rejected the defendant's claim that Packingham applied on the basis that "Packingham dealt with a different issue."  Id. at 715.

> [U]nlike the condition imposed on [the defendant] for his past behavior, the statute at issue in Packingham was prospective: rather than simply punishing a past crime, the statute there made it a new felony for a person to use all social-media outlets, even though that person had had all impingements upon his constitutional rights lifted by fully serving the prior sentence.

Id.; see also United States v. Washington, 763 F. App'x 870, 872 (11th Cir. 2019).  The Fifth Circuit also explained the distinction:

> On its face, Packingham addressed circumstances in which the state has completely banned much of a sex offender's internet access *after* he has completed his sentence. Because supervised release is part of [the defendant's] sentence (rather than a post-sentence penalty), and because our review is for plain error, we find that Packingham does not—certainly not "plainly"—apply to the supervised-released context.

United States v. Halverson, 897 F.3d 645, 658 (5th Cir. 2018) (citation omitted); see also United States v. Carson, 924 F.3d 467, 473 (8th Cir. 2019) ("Because supervised release is part of a defendant's sentence, Packingham does not render a district court's restriction on access to the internet during a term of supervised release plain error."). But see United States v. Eaglin, 913 F.3d 88, 95-98 (2d Cir. 2019) (applying Packingham to a condition imposing total internet ban during supervised release); United States v. Holena, 906 F.3d 288, 294-95 (3d Cir. 2018) (suggesting that Packingham applies to condition of supervised release imposing computer and internet

ban); United States v. Morgan, 696 F. App'x 309, 309 (9th Cir. 2017) (vacating, on agreement of the parties, "special condition of supervised release and remand[ing] to the district court for further consideration in light of Packingham"); United States v. Avila, 719 F. App'x 591, 594 (9th Cir. 2017) (holding that condition of supervised release, which prohibits defendant from possessing or using a computer with on-line access unless approved by probation officer, "indisputably 'implicates a significant liberty interest' " (quoting United States v. Blinkinsop, 606 F.3d 1110, 1119 (9th Cir. 2010))).

Some lower federal court and state cases also support the conclusion that Packingham does not apply to conditions of probation or supervised release. In United States v. Farrell, No. 4:06-CR-103, 2018 WL 1035856 (E.D. Tex. Feb. 23, 2018), a federal district court rejected a defendant's reliance on Packingham in challenging a condition of his supervised release that prevented him from accessing the internet:

> First, Packingham analyzed the constitutionality of a state statute, not conditions of federal supervised release. Stated differently, Packingham dealt with a lifetime, state-wide statute restricting the internet access of all registered sex offenders, while this case involves temporary, individual conditions, which are effective only for the duration of [defendant's] supervised release. Second, Packingham, is devoid of any indication that the Supreme Court's holding extended to conditions of supervised release.

Id. at *2. In People v. Morger, 103 N.E.3d 602, 615 (Ill. Ct. App. 2018), an Illinois appellate court held that conditions of probation were not unconstitutional because they "contain[ed] provisions whereby the defendant's probation officer temporarily could lift or modify a condition if the probation officer believed doing so would be appropriate, given both defendant's need to have that condition temporarily lifted or modified, as well as the need to protect the public, particularly children." The court distinguished

- 5 -

Packingham for this reason; the "defendant's access to social media is not foreclosed *altogether*, as was the case in Packingham." 103 N.E. 3d at 615-16. The court further distinguished Packingham on the basis that the "defendant has not yet completed his sentence and his probation conditions cannot 'endure for 30 years or more,' " unlike the prospective statutory restriction in Packingham. 103 N.E. 3d at 616. But see Jennings v. Commonwealth, No. 2018-CA-000061-MR, 2019 WL 1575570, at *5 (Ky. Ct. App. Apr. 12, 2019) (applying Packingham and holding that probation condition requiring "[n]o access to internet" was "not narrowly tailored to serve a legitimate interest and [was] also unconstitutionally vague") (first alteration in original).

In sum, we agree with the cases cited above that distinguish Packingham because it involved a statute that criminalized future behavior and not a condition of supervision that is part of a sentence. We thus conclude that Alford's special conditions are not unconstitutional. Alford has not argued or demonstrated any other legal ground that would invalidate these conditions of probation. Accordingly, we affirm.

Affirmed.

CASANUEVA and BLACK, JJ., Concur.